**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| EDWIN TUFFREE, | **CV-23-72-H-BMM** |
| Plaintiff, | |
| v. | **ORDER** |
| THE LEWIS AND CLARK COUNTY SHERIFF'S OFFICE, | |
| Defendants. | |

## BACKGROUND

Edwin Tuffree ("Tuffree") filed a complaint which appears to center on his arrest and ejection from an RV park in Helena, the theft of his truck and RV, and the theft of his medical devices and other personal property. (Doc. 7.) Tuffree also appears to allege that the Lewis and Clark County Sheriff's Office ("County") caused him emotional distress. (Id.)

## A NOTE TO MR. TUFFREE

The Court begins by offering some advice to Tuffree, who expressed his frustration at being turned away from several courts so far. The Court advises Tuffree that he has filed his complaint in federal court against the Lewis and Clark County Sheriff's Office when he should consider filing a complaint in a Montana state court against the people at the RV park whom he believes took his things and

refuse to return them. The Court advises, first and foremost, that Tuffree should continue to try to get a lawyer's legal advice, or at least talk to the people who work at legal aid and see if they can provide forms or other resources. The Court advises that, if Tuffree still cannot find representation, the complaint he files in state court should include a blow-by-blow account of what the people at the RV park allegedly did to Tuffree and his things. The Court advises that Tuffree should include as many details as possible, such as the dates and times when events allegedly occurred; where exactly the events allegedly occurred; who exactly allegedly did the things complained of and where those people can be contacted; what exactly those people allegedly said; how much money the RV, truck, and other property would be worth if they were sold; and what exactly Tuffree himself did to try to make the alleged situation right. The Court advises that if Tuffree has documentation, photographs, or other evidence like that, Tuffree should consider including that evidence as exhibits to his complaint and should consider writing in the complaint what those pieces of evidence say and why they matter for the purpose of resolving any claims he chooses to make.

The Court also advises that Tuffree consider claiming damages for breach of contract, unlawful ouster or exclusion under Mont. Code Ann. § 70-33-409, failure to return his five-wheel or remit proceeds from its sale under Mont. Code Ann. § 70-33-432, and failure to return his personal property or remit proceeds from such

property's sale under Mont. Code Ann. § 70-33-430. The Court advises Tuffree that attorney fees may be awarded to a prevailing party under Mont. Code Ann. § 70-33-434 and he may consider pointing that out to lawyers he attempts to hire. The Court further advises that Tuffree read and review generally Title 70, Chapter 33 of the Montana Code Annotated, also known as the "Montana Residential Mobile Home Lot Rental Act." The Court reproduces two of the potentially relevant sections in this Order for Tuffree's convenience.

Mont. Code Ann. § 70-33-409 provides:

(1) If a landlord unlawfully removes or excludes the tenant from the premises or purposefully diminishes services to the tenant by interrupting or causing the interruption of running water, electricity, gas, or other essential services, the tenant may recover possession or terminate the rental agreement and, in either case, recover an amount of not more than 3 months' periodic rent or treble damages, whichever is greater.

(2) If the rental agreement is terminated, the landlord shall return all security recoverable pursuant to Title 70, chapter 25, and any prepaid rent.

Mont. Code Ann. § 70-33-428 provides:

Except in the case of abandonment or surrender or as permitted in this chapter, a landlord may not recover or take possession of the lot by action or otherwise, including purposeful diminution of services to the tenant by interrupting or causing the interruption of running water, electricity, gas, or other essential services.

**LEGAL STANDARD**

A court must dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). A court must consider all allegations of material fact as true and construed in a light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). The complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face to survive a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). A claim remains plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

A court must construe a pro se complaint liberally, giving the pro se party "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A court must allow a pro se litigant to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**DISCUSSION**

**I.     Failure to State a Claim**

The County removed the case to federal district court "under 28 U.S.C. § 1441(a) because it arises under the laws of the United States." (Doc. 1 at 2.)

Tuffree asserts claims of a (presumably U.S.) "Constitution & [c]ivil rights violation, due process violation" and "fed[eral] housing violations" but does not specify which federal laws or provisions of the United States Constitution the County's actions violated. (Doc. 7.) The Court discusses the question of jurisdiction below but assumes subject matter jurisdiction exists for purposes of this Order. In *Gaviria v. Maldonado Bros.*, No. 13-60321-CIV, 2013 WL 3336653, at *2 (S.D. Fla. July 2, 2013), the district court considered claims using the 12(b)(6) standard "because Defendants [] neither invoked Rule 12(b)(1) nor provided evidentiary support to refute jurisdiction [. . .] even if [the] claims may [have] implicate[d] jurisdictional issues." Tuffree appears to raise additional claims of assault and battery, "illegal detainment," false arrest and kidnapping "under false trespassing/eviction," breach of contract, forgery, grand theft auto, "breaking and entry," burglary, larceny, "hindrance of health," punitive damages, and emotional distress. (Doc. 7.)

Tuffree pleads few, largely vague factual allegations. (*Id*.) These include the address of the RV park where he alleges events happened and some assertions as to County employees' conduct. (*Id*.) For example, Tuffree alleges that "Sheriff[s] seized [and] illegally detained" him. (*Id*.) Tuffree further alleges that conduct occurred, including that some person or persons "denied access to medical equipment and supplies," but does not allege who did these things—whether

County employees or other parties. (*Id*.) Although the Court affords Tuffree the benefit of the doubt, these limited factual allegations do not support the legal claims Tuffree asserts to the extent that they become plausible instead of merely possible. *Iqbal* at 678. Tuffree's allegation that "Sheriff[s] seized (assault & battery) illegally detained falsely arrested kidnapped [him] from the Helena Campground," for example, sounds in "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal* at 663. Tuffree fails to "state a claim upon which relief can be granted" and his complaint must be dismissed. Fed. R. Civ. P 12(b)(6).

## II.    Subject Matter Jurisdiction

The Court notes that Tuffree's lacking pleading as to his federal claims gives rise to the question of whether this Court possesses subject matter jurisdiction in this case. *See* Fed. R. Civ. P. 12(b)(1). Tuffree, who appears pro se, responded to the County's 12(b)(6) motion to dismiss for failure to state a claim. (Doc. 9); *see* (Doc. 4.) The Court heard Tuffree on the question of failure to state a claim. (Doc. 14.) The Court would arrive at the same result at this juncture, namely, dismissal without prejudice, if it determined that it lacks subject matter jurisdiction over Tuffree's claim. The Court dismisses Tuffree's claim pursuant Fed. R. Civ. P. 12(b)(6), instead of determining whether 12(b)(1) requires dismissal, considering Tuffree's interest in notice and opportunity to be heard. *See Kennedy v. Floridian*

*Hotel, Inc.*, 998 F.3d 1221, 1232 (11th Cir. 2021). ("Although a formal hearing on the matter is not required, the district court should not dismiss the complaint on a Rule 12(b)(1) motion without giving the nonmoving party the opportunity to be heard") (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed.)).

**ORDER**

Accordingly, **IT IS ORDERED** that

Tuffree's Complaint (Doc. 7) is **DISMISSED without prejudice**.

DATED this 18th day of December, 2023.

Brian Morris, Chief District Judge
United States District Court